AVENUE AGENCY & LOAN CORPORATION, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19727.    Promulgated May 2, 1930.

*Preston B. Kavanaugh, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

OPINION.

ARUNDELL: Under date of October 23, 1929, the Board promul-
gated its findings of fact and opinion in this case and left the final
decision to be settled under Rule 50. Each of the parties filed a
proposed redetermination in which they found petitioner's correct
tax liability for 1921 to be $5,969.10. Against this tax liability peti-
tioner claims credit for an equal amount on the ground that that
amount has been paid. The respondent proposes to allow a credit
of only $138.41, being the difference between the correct tax and the
amount of $5,830.69, which was refunded to an affiliated corporation
as hereinafter set forth. Upon consideration of the proposals of
the parties under Rule 50, it was deemed material to a settlement of
the issues that evidence be produced to show what part, if any, of
the refund was received by petitioner and the case was set for hear-
ing on this point on April 17, 1930.

The trial of this case on the merits involved two issues, namely,
whether this petitioner was affiliated with the Avenue State Bank
in 1921, and whether petitioner was entitled to a credit of $5,969.11
alleged to have been paid as income and profits taxes for that year.
In our report, which is published at 17 B. T. A. 1039, we found that
petitioner was affiliated with the Avenue State Bank. The other
issue was not decided, our opinion being that it was unnecessary in
view of the holding on the affiliation question. It now develops, as
indicated above, that decision on the credit question is necessary in
order to completely dispose of the case.

The facts with reference to the tax credit question, as shown in
our original report and as developed at the hearing on April 17,
are these. Petitioner and the Avenue State Bank filed a consoli-
dated return for 1921 and showed thereon a consolidated tax of
$8,082.72, which was paid by the Avenue State Bank. Petitioner
also filed a return on Form 1122 (Information Return of Subsidiary
or Affiliated Corporation) stating thereon that its parent corpora-
tion was the Avenue State Bank and also stating thereon that the
share of the consolidated tax to be assessed against it was $5,969.11.
The respondent however assessed the entire amount of $8,082.73
against the Avenue State Bank. Petitioner reimbursed the bank for
its (petitioner's) share of the tax in the amount of $5,969 11. On

July 27, 1926, the respondent, by check delivered through the collector at Chicago, refunded to the Avenue State Bank taxes for 1921 in the amount of $5,830.69 plus $1,209.44 interest. This refund was made pursuant to the respondent's determination that petitioner and the Avenue State Bank were not affiliated. Upon receipt of the refund the Avenue State Bank turned it over to the petitioner, who has since held it in suspense, pending a final decision on the affiliation question.

These facts distinguish the present case from the *Oilbelt Motor Co.*, 16 B. T. A. 831, and cases therein cited, which are relied upon by petitioner. The *Oilbelt* decision proceeded on the ground that the refund made to the parent corporation was retained by it. Here the refund was passed on to the petitioner. If petitioner's claim were allowed the net result would be that it would receive both a refund of $5,830.69, and also a credit of the same amount against a tax liability of only $5,969.10. Obviously such a result can not be sanctioned. We accordingly affirm the respondent's recomputation and decision will be entered accordingly.